UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD BUTERBAUGH, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:20-0518 |
| v. | : | (JUDGE MANNION) |
| | : | |
| KEVIN KAUFFMAN, | | |
| | : | |
| Respondent | | |

**MEMORANDUM**

Petitioner, Gerald Buterbaugh, an inmate confined in the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges a conviction and sentence imposed in the Franklin County Court of Common Pleas. Id. A response was filed on December 18, 2020. (Doc. 11). Although provided an opportunity to reply, Petitioner has not filed a traverse. Thus, the petition is ripe for consideration. For the reasons set forth below, the Court will issue a stay of litigation in this case while Petitioner completes state review of his second PCRA petition and the action will be administratively closed.

**I.     Background**

The Pennsylvania Superior Court set forth the factual and procedural background of Petitioner's case as follows:

> On May 31, 2010, Appellant killed Dale Steven Henry by running him over with his pickup truck outside a bar where Mr. Henry had been in an altercation with Appellant's friend. As a result, a jury convicted Appellant of third-degree murder. Pursuant to the sentencing guidelines' deadly weapon enhancement, the trial court imposed a standard-range sentence of fifteen to forty years imprisonment.
>
> Appellant, with new counsel, filed a post-sentence motion challenging the sufficiency and weight of the evidence, evidentiary rulings, and the propriety of his sentence. With leave of court, Appellant supplemented his post-sentence motion to raise the claim that his trial counsel rendered ineffective assistance of counsel ("IAC"). In order to pursue the IAC claims on direct appeal, Appellant executed a form entitled "Waiver of PCRA Rights to Allow Ineffectiveness Claims on Post-Sentence Motions and Direct Appeal." Further, the trial court conducted an oral colloquy to confirm that Appellant's waiver of his PCRA rights was knowing, intelligent, and voluntary in compliance with the most recent pronouncement of this Court. See Commonwealth v. Barnett, 25 A.3d 371, 377 (Pa.Super. 2011) (*en banc*), *order vacated*, 84 A.3d 1060 (Pa 2014) ("[T]his Court cannot engage in review of ineffective assistance of counsel claims on direct appeal absent an 'express, knowing and voluntary waiver of PCRA review.' ").
>
> The trial court, after conducting a hearing to address all of the issues, denied Appellant post-sentence relief. This Court, sitting *en banc*, ultimately affirmed Appellant's judgment of sentence, finding no merit in his IAC claims or claims of trial court error, and our Supreme Court denied Appellant's petition for allowance of appeal. Commonwealth v. Buterbaugh, 91 A.3d 1247 (Pa.Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014).

> Less than one year after the deadline for seeking review in the United States Supreme Court, Appellant filed a pro se PCRA petition claiming that trial counsel was ineffective in failing to investigate and present exculpatory evidence, that direct appeal counsel was ineffective in failing to raise the additional claims of trial counsel IAC, and that his waiver of further PCRA review was not knowing and voluntary. PCRA Petition, 2/8/16, at 4. Counsel was appointed, but did not file a supplemental or amended petition. Rather, counsel requested a hearing on the claims raised in Appellant's *pro se* petition. After initially indicating its intent to dismiss the petition without a hearing, the PCRA court scheduled a hearing that took place on March 30, 2017, at which it heard evidence concerning whether Appellant's waiver of PCRA rights had been valid. Following additional briefing by the parties, the PCRA court dismissed Appellant's petition.
>
> Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.
>
> Appellant presents the following question for this Court's review.
>
>> Whether the Trial Court's refusal to apply Commonwealth v. Holmes[,] 79 A.3d 562 (Pa. 2013)[,] retroactively constituted an abuse of discretion as Holmes set forth new substantive criminal law which, pursuant to Fiore v. White, [ ]757 A.2d 842 (Pa. 2002)[,] and Commonwealth v. Eller, [ ]807 A.2d 838 (Pa. 2002), requires the rules set forth in Holmes be applied on collateral review, and once applied to the present case, render the [Appellant's] PCRA waiver invalid as the waiver was not knowingly made?

Commonwealth v. Buterbaugh, No. 1152 MDA 2017, 2018 WL 4907594 (Pa. Super. Oct. 10, 2018).

By Memorandum Opinion dated October 10, 2018, the Pennsylvania Superior Court affirmed the PCRA Court's dismissal of Petitioner's PCRA

- 3 -

petition. Id. By Order dated March 11, 2020, the Pennsylvania Supreme Court denied Petitioner's Allowance of Appeal. Commonwealth v. Buterbaugh, 226 A.3d 1222 (Pa. Mar. 11, 2020) (Table).

On April 1, 2020, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). He raises twelve separate grounds for relief. Id.

On September 30, 2020, Petitioner filed a second PCRA petition with the Franklin County Court of Common Pleas. See Commonwealth v. Buterbaugh, CP-28-CR-0001229-2010 (Criminal Docket Sheet). On November 23, 2020, the Court entered an order notifying Petitioner of the Court's intention to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907(1). Id. By Order dated January 22, 2021, Petitioner's second PCRA petition was dismissed. Id.

On February 19, 2021, Petitioner filed a Notice of Appeal to the Pennsylvania Superior Court. Id. Buterbaugh's appeal remains pending.

**II.    Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1). Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective. . . ." See Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file

petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding that a collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. §2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971). The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir.1993).

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129, 131, 134–35 (1987); Rose, 455 U.S. at 516–18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

Here, the record reveals that Buterbaugh has not yet exhausted his state remedies. However, the case is at a unique procedural posture in that Buterbaugh has filed a second PCRA petition. The Court, at this juncture, cannot discern if the second PCRA petition was considered timely filed, thereby tolling the statute of limitations and, if so, if the second PCRA petition contains issues that have yet to be exhausted; thus, creating a mixed petition before this Court. As such, the court is inclined to a grant a stay in this matter until such time as Buterbaugh's claims have been exhausted in state court. Indeed, federalism and comity dictate that this Court afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary. Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005).

A district court may stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust previously unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275 (2005). "Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." Id. However, a stay and abeyance will be permitted only in "limited circumstances": A district court should grant a stay only if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication

that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

The Supreme Court in Rhines recognized that under such "limited circumstances" district courts have discretion to stay a mixed §2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The Court of Appeals for the Third Circuit in Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154 (internal citations omitted).

Rhines and Crews both contemplate that the initial federal petition must be both timely filed and a mixed petition. There is no clear indication from the Petitioner's submissions to date that his pending federal petition is untimely under 28 U.S.C. §2244(d).[1] Petitioner should not face the prospect of forfeiting federal court review of these issues. There is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments. However, if the Pennsylvania state courts were to determine that Petitioner's second PCRA action was not

---

[1] Nor does Respondent raise an issue of timeliness.

properly filed, timeliness concerns could exist with respect to the submission of his pending federal action. In that event, there is a potential that if Petitioner waited until final state court disposition of his second PCRA action before seeking federal habeas relief, he could face possible dismissal of such a petition as being untimely filed.

Given this potential, Petitioner's *pro se* status, and out of an abundance of caution, Crews counsels in favor of a stay of litigation in this case while Petitioner completes the state review process on his pending unexhausted claims. Accordingly, the Court will grant a stay. However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court second PCRA proceedings, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's dispositions.

Upon demonstration by Petitioner that his state court proceedings have concluded, the stay issued in this matter will be lifted. Until such time, this matter will be marked closed for administrative purposes.

**III.    Certificate of Appealability**

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

**IV.     Conclusion**

For the reasons set forth above, adjudication of Buterbaugh's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 will be stayed pending the exhaustion of state court remedies.  Petitioner shall, within thirty (30) days of the termination of his state court proceedings regarding his second PCRA action, file a written status report with the Court detailing the conclusion of his Pennsylvania state court exhaustion efforts and include a copy of the Superior and/or Supreme Court's disposition. This matter will be administratively closed.

An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 13, 2021**
20-0518-01